# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA RULENZ,<br><br>  Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY; FORD MOTOR CREDIT COMPANY, LLC.; and DOES 1 THROUGH 50, Inclusive,<br><br>  Defendants. | CASE NO. 10cv1791-GPC-MDD<br><br>**ORDER STRIKING PLAINTIFF'S AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>[DKT. NO. 16] |

Presently before the Court is Plaintiff Patricia Rulenz's memorandum filed in response to the Court order (Dkt. No. 15) requiring Plaintiff to show cause why the amended complaint should not be stricken. (Dkt. No. 16). For the reasons stated below, the Court hereby **STRIKES** Plaintiff's Amended Complaint **WITHOUT PREJUDICE**.

## PROCEDURAL BACKGROUND

On May 26, 2010, Patricia Rulenz ("Plaintiff") filed a civil action against defendants Ford Motor Company, Ford Motor Company, LLC, Does 1 to 50, inclusive, and Scott Rone in the California Superior Court ("Defendants" or "Ford Motor

1  Company").¹  On August 26, 2010, the defendants removed the case to the United
2  States District Court for the Southern District of California. (Dkt. No. 1.)  On
3  December 28, 2010, the defendants filed a motion to dismiss the plaintiffs' complaint
4  pursuant to federal rule of civil procedure 12(b)6. (Dkt. No. 8.)  Rather than file an
5  opposition in response, Plaintiff filed a first amended complaint ("FAC") against Ford
6  Motor Company, Ford Motor Credit Company, LLC, and Does 1 through 50, Inclusive
7  ("Defendants"). (Dkt. No. 13.)  The Court dismissed without prejudice the Plaintiff's
8  original complaint and ordered Plaintiff to show cause why the FAC should not be
9  stricken. (Dkt. No. 15.)  The Court noted that the 'show cause' memorandum should
10 focus on whether Plaintiff's FAC has remedied any defects addressed in Defendants'
11 motion to dismiss the original complaint. (Dkt. No. 15 at 2.)  On March 4, 2011,
12 Plaintiff submitted a Memorandum of Points and Authorities to show cause why
13 amended complaint should not be stricken and on March 18, 2011 Defendants filed an
14 Opposition. (Dkt. Nos. 16, 21.)

## FIRST AMENDED COMPLAINT ALLEGATIONS

16       The FAC asserts three causes of action against all Defendants: (1) age
17 discrimination under California Government Code section 12940(a); (2) wrongful
18 termination under California Government Code section 12940(a); and (3) intentional
19 infliction of emotional distress ("IIED"). Beginning around April 1980, Plaintiff
20 Patricia Rulenz became an employee for Ford Motor Company in San Diego, where she
21 worked for approximately twenty-nine years.  Plaintiff began her employment as a
22 switchboard operator, a "pay grade one" position, and, by 2007, had advanced to the
23 position of Credit Sales Analyst, a "pay grade six" position.  Plaintiff had always
24 received "Excellent Plus" performance ratings for her work.

25       In 2007, Defendants informed Plaintiff that many positions were being relocated
26 to Henderson, Nevada, but at least one Account Manager position would remain in San
27 Diego.  Plaintiff applied for the San Diego opening but was not selected.  Plaintiff

---

¹Case Number 37-2010-00068116-CU-WT-EC.

believes the individual who obtained this position was younger than forty, not as well qualified as Plaintiff, and required relocation compensation. Plaintiff interviewed and was selected for an Account Manager position in Las Vegas, Nevada. She maintained her residency in California but began working in Las Vegas. Around January 2009, Plaintiff was informed that some Account Management positions would be eliminated in Las Vegas and she was instructed to apply for positions in Colorado Springs and Nashville. After applying for nine positions in both cities, Plaintiff was interviewed for a Dealer Analyst position in Colorado Springs. She was told by her manager that she was a very good candidate, however, she was not selected for the job. Ten Las Vegas employees were selected for the Colorado Springs Dealer Analyst positions. The employees selected were less than forty years old, had less experience than Plaintiff and, in some instances, no experience, and received relocation compensation which Plaintiff had agreed to forfeit.

Around February 2009, Plaintiff inquired about "pay grade five" and "pay grade four" positions in the Loss Prevention department in Las Vegas. On February 11, 2009, Plaintiff requested Defendants also consider her for a Team Lead or Customer Service position in Las Vegas. She informed Defendants of her Excellent Plus performance rating, over twenty-eight years of experience, her interest in various positions, her willingness to take a lower pay classification, and reminded Defendants she was available to work in Las Vegas, thus relocation compensation was not required. On or about February 26, 2009, Plaintiff was terminated from her job. Her manager informed her that the selection process for termination was based on employees' performance ratings and length of service, explaining employees with the lowest years of service would be terminated first. Fifty employees had been selected for Loss Prevention positions; the new employees are less than forty years old and many are less qualified than Plaintiff. Plaintiff asserts that the motivating reason for her termination was her age, which is over forty years old.

## LEGAL STANDARD[2]

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).

## DISCUSSION

Plaintiff contends she has sufficiently pled facts to support all three causes of action alleged in the FAC. (Dkt. No. 16 at 2.) Defendants claim the FAC does little or nothing to remedy the defects identified by their motion to dismiss the original complaint and does not meet minimum federal pleading standards. (Dkt. No. 21 at 1.)

---

[2] Judge Moskowitz previously noted that pursuant Fed. R. Civ. P. 15(a)(1)(B), Plaintiff would have been permitted to amend her original complaint after the motion to dismiss was filed. Had the motion to dismiss been granted on the merits, the Court would have then considered whether Plaintiff should be given leave to amend. Therefore, the Court ordered Plaintiff to focus not on the technical violations of Rule 15, but rather whether Plaintiff has successfully amended her complaint to remedy any defects Defendants noted in their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As such, the Court reviews Plaintiff's memorandum and Defendants' opposition under the same legal standard as defendant's motion to dismiss.

**A.   Age Discrimination and Wrongful Termination in Violation of the California Fair Employment and Housing Act**

Defendants claim Plaintiff's first two causes of action fail because California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900-12996, does not protect out-of-state residents from actions occurring outside of California and the allegedly wrongful termination took place in Nevada. (Dkt. No. 21 at 3.) Defendants also argue Plaintiff's FEHA claims fail because Plaintiff cannot challenge any adverse employment actions without first exhausting her administrative remedies. (Dkt. No. 21 at 6.) Plaintiff asserts she maintained her California residency at all times relevant to this claim and has stated a valid claim for employment discrimination in her FAC. (Dkt. No. 16 at 5.)

FEHA makes unlawful an employment practice to refuse to hire or employ, or to discharge, dismiss, reduce, suspend, or demote, any person because of age. Cal. Gov't Code § 12940. Actionable discriminatory action must result in "adverse employment action." Yanowitz v. L'Oreal USA, Inc. 36 Cal. 4th 1028, 1035 (2005). The plaintiff's burden is minimal as "the employee need only offer sufficient circumstantial evidence to give rise to a reasonable inference of discrimination." Sandell v. Taylor-Listug, Inc., 188 Cal. App. 4th 287, 310 (2010).

**1.   Prima Facie Case of Age Discrimination**

To establish a *prima facie* case, the plaintiff must show she is (1) a member of a protected class [age 40-70]; (2) performing her job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 917 (9th Cir. 1996)(internal citations omitted). With regard to the fourth element, "a number of federal appellate courts have pointed out that a discharged employee's failure to prove replacement by a younger worker does not necessarily defeat a claim of age discrimination if the termination is the result of a general reduction in work force." Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 381 (2000).

Plaintiff alleges (1) she is over forty; (2) she performed her job in a satisfactory manner receiving "Excellent Plus" ratings for her performance; (3) her employer terminated her in 2009; and (4) she was passed-over for opportunities in the company by employees under forty and allegedly less experienced than Plaintiff. (FAC ¶¶ 21, 47, 49, 52.) These allegations sufficiently state a prima facie claim of discrimination. However, to plead a proper FEHA claim, Plaintiff must also sufficiently allege the actions occurred in the state of California.

### 2.     Presumption Against Extraterritorial Application

Plaintiff argues she has properly made a claim under FEHA because she remained a resident of California while employed in Nevada and many of the allegations regarding her claims occurred in California. (ECF No. 16.) Defendants argue Plaintiff's FEHA claims fail because California law does not apply to Plaintiff's employment claims, as she lived, worked, and was terminated in Nevada. Defendants question Plaintiff's assertion that she was a California resident while she lived in Nevada, arguing that Plaintiff has not offered any support for the conclusion.  Moreover, Defendants argue that applying FEHA to adverse employment actions occurring in another state would implicate federalism issues. (ECF No. 21 at 3-4)

State law embodies a presumption against extraterritorial application of its own statutes. Diamond Multimedia Sys., Inc. v. Superior Court, 19 Cal. 4th 1036, 1059 (1999)(citing North Alaska Salmon Co. V. Pillsbury, 174 Cal. 1 (1916).  In North Alaska Salmon Co., the California Supreme Court found California worker's compensation statute in effect at the time did not allow compensation for out-of-state injuries, because no "such intention [was] clearly expressed or reasonably to be inferred 'from the language of the act or from its purpose, subject matter or history.'" North Alaska Salmon Co., 174 Cal. at 4.  Applying similar rationale to FEHA claims, California courts have found that FEHA does not apply to non-residents employed outside the state when the tortious conduct did not occur in

1 California. <u>Campbell v. Arco Marine</u>, 42 Cal. App. 4th 1850, 1859 (1996).
2 Therefore, to properly plead a FEHA claim, a plaintiff must sufficiently allege the
3 tortious conduct occurred in the state of California. <u>Dodd-Owens v. Kyphon, Inc.</u>,
4 No. C 06-3988, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007)(dismissing FEHA
5 claim for failure to state with specificity that the alleged tortious conduct took place
6 in California). Moreover, in finding FEHA has no extraterritorial application, the
7 California Appellate Court has stated that residency, state of employment contract,
8 and place of termination are not material elements of a FEHA claim and insufficient
9 to overcome the extraterritorial presumption. <u>Guillory v. Princess Cruise Lines,
10 Ltd.</u>, B192233, 2007 WL 102851 (Cal. Ct. App. Jan. 17, 2007).

11   Here, Plaintiff makes only one allegation of tortious conduct in the state of
12 California. Around late 2007, Defendants allegedly interviewed Plaintiff for a
13 position in San Diego, but she was not selected. (FAC ¶¶ 23, 25.) Plaintiff alleges
14 an individual younger than forty and not as well-qualified as Plaintiff was selected
15 for this position. (FAC ¶ 26.) The remainder of Plaintiff's allegations occurred in
16 the state of Nevada. Sometime after interviewing for the San Diego position,
17 Plaintiff interviewed for a Dealer Account Manager position in Las Vegas, a
18 position which she obtained and held until her termination in 2009. (FAC ¶¶ 29-30.)
19 Plaintiff alleges she interviewed for multiple internal positions in other states when
20 she was notified that Defendants planned to eliminate positions in Las Vegas. (FAC
21 ¶¶ 34-38, 46.) She further alleges she was not hired for those positions, despite her
22 excellent qualifications and offer to accept a lower salary, and that younger, less
23 experienced and more costly employees received those positions. (FAC ¶¶ 39-44,
24 49.) In February, 2009, Plaintiff alleges Defendant wrongfully terminated her from
25 her Las Vegas position based on her age. (FAC ¶ 52.)

26   Given that the vast majority of Plaintiff's allegations involve acts which
27 occurred in the state of Nevada, the Court finds that Plaintiff has failed to overcome
28 the presumption against extraterritorial application of FEHA. The one allegation

that Plaintiff was wrongfully passed up for a position with Ford Motor in San Diego appears ancillary to the rest of the alleged injurious conduct. Indeed, Plaintiff's FEHA complaint filed in February, 2010, focuses on Defendants alleged wrongful termination of Plaintiff while she was in Nevada. (ECF No. 13, Ex. 1, FEHA Complaint.)  While plaintiff alleges she was employed with Ford Motor for approximately 29 years, almost all her allegations relate to her time as an employee in the state of Nevada.  As such, the Court concludes that nearly all of the alleged tortious conduct occurred outside the state of California, and Plaintiff has therefore failed to properly state a FEHA claim.

Plaintiff's assertion that she maintained California residency is insufficient to defeat the presumption against extraterritorial application of FEHA.  Plaintiff argues that, unlike the plaintiff in Campbell v. ARCO Marine, Inc., she is a resident of California and therefore FEHA should apply to her claims.  42 Cal. App. 4th 1850. Yet in Campbell, the Court concluded that the "relationship with California [was] slight," and even though the defendant company was located in California, "those employees had not participated in or ratified in the conduct." Campbell, 42 Cal. App. 4th at 1858-59.  As such, the focus of the claim was where the injurious conduct took place - not the residency of the Plaintiff.  Moreover, in Guillory, the California Appellate Court concluded that Plaintiff's residency is not central to the question of whether FEHA should apply to extraterritorial claims. Guillory, 2007 WL 102851 at * 3 (" The determining factor is not . . . whether the employee is a California resident.")

Since Plaintiff has failed to state the injurious conduct took place in California, the Court finds Plaintiff has not sufficiently stated a claim under the FEHA.  Accordingly, the Court **STRIKES** Plaintiff's FEHA claims for age discrimination and wrongful termination.  The Court will grant Plaintiff leave to amend to attempt to allege clearly and specifically the tortious conduct occurring in

California.[3]

## B.     Intentional Infliction of Emotional Distress

Plaintiff contends she has sufficiently stated a claim for intentional infliction of emotional distress (IIED). (Dkt. No. 16 at 6.) Defendants argue the IIED claim in the FAC remains deficient as Plaintiff has not alleged extreme or outrageous conduct. (Dkt. No. 21 at 8.)

To state a cause of action for intentional infliction of emotional distress, Plaintiff must show (1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress. Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 617 (Ct. App. 1989)(internal citation omitted). "Conduct is extreme and outrageous when it exceeds all bounds of decency usually tolerated by a decent society, and is of a nature which is especially calculated to cause, and does cause, mental distress." Id. A defendant's behavior may be considered outrageous defendant "(1) abuses a relation or position which gives him or her power to affect his or her interests; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress." McDaniel v. Gile, 230 Cal. App. 3d 363, 372, 281 Cal. Rptr. 242, 247 (Ct. App. 1991)(internal citations omitted).

Here, Plaintiff has not made any allegations that the Defendants acted in a way that would be considered extreme or outrageous. The allegations that Plaintiff was denied job opportunities with the company and was wrongfully terminated based on her age alone are insufficient to state a claim for intentional infliction of emotional distress. Plaintiff cites Accardi v. Superior Court for the proposition that illegal harassment and discrimination are generally held to be outrageous conduct.

---

[3] As Plaintiff will have the opportunity to amend her complaint, the Court at this time refrains from addressing whether she has sufficiently exhausted her administrative remedies.

1  Accardi v. Superior Court 17 Cal. App. 4th 341 (1993).  However, the allegations of
2  sexual harassment in Accardi contained numerous episodes of discrimination and
3  harassment, including spreading untrue rumors, singling Plaintiff out for
4  unfavorable work assignments, inappropriate comments about performance of sex
5  acts, threats of bodily harm, and other extreme behavior. Id. 17 Cal. App. 4th 346.
6  Plaintiff has alleged no such conduct by any specific employees of the Defendants,
7  and, as such, has failed to state a claim for intentional infliction of emotional
8  distress.
9       Accordingly, the Court hereby **STRIKES** Plaintiff's claim for intentional
10  infliction of emotional distress.

## CONCLUSION

12       The Court hereby **STRIKES** Plaintiff's first amended complaint in its
13  entirety **WITH LEAVE TO AMEND.** (Dkt. No 13.)  Plaintiff is **GRANTED** thirty
14  days from the date this Order is docketed to file a third amended complaint which
15  addresses the deficiencies identified herein.
16       **IT IS SO ORDERED.**

18  DATED:  May 20, 2013

                              HON. GONZALO P. CURIEL
                              United States District Judge