1

2

3

4

5

6

7

8       **UNITED STATES DISTRICT COURT**

9       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  PATRICIA RULENZ,                                CASE NO. 10cv1791-GPC-
                                                    MDD
12                              Plaintiffs,
                                                    **ORDER STRIKING
13      vs.                                         PLAINTIFF'S AMENDED
                                                    COMPLAINT WITHOUT
14                                                  PREJUDICE**

15  FORD MOTOR COMPANY; FORD                        [DKT. NO. 16]
    MOTOR CREDIT COMPANY, LLC.;
16  and DOES 1 THROUGH 50,
    Inclusive,
17
                                Defendants.
18

19      Presently before the Court is Plaintiff Patricia Rulenz's memorandum filed in

20  response to the Court order (Dkt. No. 15) requiring Plaintiff to show cause why the

21  amended complaint should not be stricken. (Dkt. No. 16).  For the reasons stated

22  below, the Court hereby **STRIKES** Plaintiff's Amended Complaint **WITHOUT**

23  **PREJUDICE**.

24                          **PROCEDURAL BACKGROUND**

25      On May 26, 2010, Patricia Rulenz ("Plaintiff") filed a civil action against

26  defendants Ford Motor Company, Ford Motor Company, LLC, Does 1 to 50, inclusive,

27  and Scott Rone in the California Superior Court ("Defendants" or "Ford Motor

28

1  Company").[1]  On August 26, 2010, the defendants removed the case to the United

2  States District Court for the Southern District of California.  (Dkt. No. 1.)   On

3  December 28, 2010, the defendants filed a motion to dismiss the plaintiffs' complaint

4  pursuant to federal rule of civil procedure 12(b)6.  (Dkt. No. 8.)  Rather than file an

5  opposition in response, Plaintiff filed a first amended complaint ("FAC") against Ford

6  Motor Company, Ford Motor Credit Company, LLC, and Does 1 through 50, Inclusive

7  ("Defendants").  (Dkt. No. 13.)  The Court dismissed without prejudice the Plaintiff's

8  original complaint and ordered Plaintiff to show cause why the FAC should not be

9  stricken.  (Dkt. No. 15.)  The Court noted that the 'show cause' memorandum should

10  focus on whether Plaintiff's FAC has remedied any defects addressed in Defendants'

11  motion to dismiss the original complaint.  (Dkt. No. 15 at 2.)  On March 4, 2011,

12  Plaintiff submitted a Memorandum of Points and Authorities to show cause why

13  amended complaint should not be stricken and on March 18, 2011 Defendants filed an

14  Opposition. (Dkt. Nos. 16, 21.)

15                    **FIRST AMENDED COMPLAINT ALLEGATIONS**

16        The FAC asserts three causes of action against all Defendants: (1) age

17  discrimination under California Government Code section 12940(a); (2) wrongful

18  termination under  California Government Code section 12940(a); and (3) intentional

19  infliction of emotional distress ("IIED").  Beginning around April 1980, Plaintiff

20  Patricia Rulenz became an employee for Ford Motor Company in San Diego, where she

21  worked for approximately twenty-nine years.  Plaintiff began her employment as a

22  switchboard operator, a "pay grade one" position, and, by 2007, had advanced to the

23  position of Credit Sales Analyst, a "pay grade six" position.  Plaintiff had always

24  received "Excellent Plus" performance ratings for her work.

25        In 2007, Defendants informed Plaintiff that many positions were being relocated

26  to Henderson, Nevada, but at least one Account Manager position would remain in San

27  Diego.  Plaintiff applied for the San Diego opening but was not selected.  Plaintiff

28
        [1]Case Number 37-2010-00068116-CU-WT-EC.

1  believes the individual who obtained this position was younger than forty, not as well

2  qualified as Plaintiff, and required relocation compensation.  Plaintiff interviewed and

3  was selected for an Account Manager position in Las Vegas, Nevada.  She maintained

4  her residency in California but began working in Las Vegas.  Around January 2009,

5  Plaintiff was informed that some Account Management positions would be eliminated

6  in Las Vegas and she was instructed to apply for positions in Colorado Springs and

7  Nashville.  After applying for nine positions in both cities, Plaintiff was interviewed

8  for a Dealer Analyst position in Colorado Springs.  She was told by her manager that

9  she was a very good candidate, however, she was not selected for the job.  Ten Las

10 Vegas employees were selected for the Colorado Springs Dealer Analyst positions.

11 The employees selected were less than forty years old, had less experience than

12 Plaintiff and, in some instances, no experience, and received relocation compensation

13 which Plaintiff had agreed to forfeit.

14     Around February 2009, Plaintiff inquired about "pay grade five" and "pay grade

15 four" positions in the Loss Prevention department in Las Vegas.  On February 11,

16 2009, Plaintiff requested Defendants also consider her for a Team Lead or Customer

17 Service position in Las Vegas.  She informed Defendants of her Excellent Plus

18 performance rating, over twenty-eight years of experience, her interest in various

19 positions, her willingness to take a lower pay classification, and reminded Defendants

20 she was available to work in Las Vegas, thus relocation compensation was not

21 required.  On or about February 26, 2009, Plaintiff was terminated from her job.  Her

22 manager informed her that the selection process for termination was based on

23 employees' performance ratings and length of service, explaining employees with the

24 lowest years of service would be terminated first.  Fifty employees had been selected

25 for Loss Prevention positions; the new employees are less than forty years old and

26 many are less qualified than Plaintiff.  Plaintiff asserts that the motivating reason for

27 her termination was her age, which is over forty years old.

28

1

## LEGAL STANDARD[2]

2   Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the

3   defense that the complaint "fail[s] to state a claim upon which relief can be granted."

4   The Court evaluates whether a complaint states a cognizable legal theory and sufficient

5   facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain

6   statement of the claim showing that the pleader is entitled to relief."  Although Rule 8

7   "does not require 'detailed factual allegations,' it [does] demand[] more than an

8   unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556

9   U.S. 662, 678 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 544,

10   555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his

11   'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

12   recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555

13   (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice

14   if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556

15   U.S. at 678 (citing Twombly, 550 U.S. at 557).

16

## DISCUSSION

17   Plaintiff contends she has sufficiently pled facts to support all three causes of

18   action alleged in the FAC.  (Dkt. No. 16 at 2.)  Defendants claim the FAC does little

19   or nothing to remedy the defects identified by their motion to dismiss the original

20   complaint and does not meet minimum federal pleading standards.  (Dkt. No. 21 at

21   1.)

22

23

24

---

25   [2] Judge Moskowitz previously noted that pursuant Fed. R. Civ. P. 15(a)(1)(B), Plaintiff would
have been permitted to amend her original complaint after the motion to dismiss was filed.  Had the
26   motion to dismiss been granted on the merits, the Court would have then considered whether Plaintiff
should be given leave to amend.  Therefore, the Court ordered Plaintiff to focus not on the technical
27   violations of Rule 15, but rather whether Plaintiff has successfully amended her complaint to remedy
any defects Defendants noted in their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As such,
28   the Court reviews Plaintiff's memorandum and Defendants' opposition under the same legal standard
as defendant's motion to dismiss.

**A.    Age Discrimination and Wrongful Termination in Violation of the California Fair Employment and Housing Act**

Defendants claim Plaintiff's first two causes of action fail because California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900-12996, does not protect out-of-state residents from actions occurring outside of California and the allegedly wrongful termination took place in Nevada. (Dkt. No. 21 at 3.)  Defendants also argue Plaintiff's FEHA claims fail because Plaintiff cannot challenge any adverse employment actions without first exhausting her administrative remedies. (Dkt. No. 21 at 6.)  Plaintiff asserts she maintained her California residency at all times relevant to this claim and has stated a valid claim for employment discrimination in her FAC. (Dkt. No. 16 at 5.)

FEHA makes unlawful an employment practice to refuse to hire or employ, or to discharge, dismiss, reduce, suspend, or demote, any person because of age.  Cal. Gov't Code § 12940.  Actionable discriminatory action must result in "adverse employment action."  Yanowitz v. L'Oreal USA, Inc. 36 Cal. 4th 1028, 1035 (2005).  The plaintiff's burden is minimal as "the employee need only offer sufficient circumstantial evidence to give rise to a reasonable inference of discrimination."  Sandell v. Taylor-Listug, Inc., 188 Cal. App. 4th 287, 310 (2010).

**1.    Prima Facie Case of Age Discrimination**

To establish a *prima facie* case, the plaintiff must show she is (1) a member of a protected class [age 40-70]; (2) performing her job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications.  Nidds v. Schindler Elevator Corp., 113 F.3d 912, 917 (9th Cir. 1996)(internal citations omitted).  With regard to the fourth element, "a number of federal appellate courts have pointed out that a discharged employee's failure to prove replacement by a younger worker does not necessarily defeat a claim of age discrimination if the termination is the result of a general reduction in work force."  Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 381 (2000).

1    Plaintiff alleges (1) she is over forty; (2) she performed her job in a satisfactory

2    manner receiving "Excellent Plus" ratings for her performance; (3) her employer

3    terminated her in 2009; and (4) she was passed-over for opportunities in the company

4    by employees under forty and allegedly less experienced than Plaintiff. (FAC ¶¶ 21,

5    47, 49, 52.) These allegations sufficiently state a prima facie claim of discrimination.

6    However, to plead a proper FEHA claim, Plaintiff must also sufficiently allege the

7    actions occurred in the state of California.

8        **2.      Presumption Against Extraterritorial Application**

9        Plaintiff argues she has properly made a claim under FEHA because she

10   remained a resident of California while employed in Nevada and many of the

11   allegations regarding her claims occurred in California.  (ECF No. 16.)  Defendants

12   argue Plaintiff's FEHA claims fail because California law does not apply to

13   Plaintiff's employment claims, as she lived, worked, and was terminated in Nevada.

14   Defendants question Plaintiff's assertion that she was a California resident while

15   she lived in Nevada, arguing that Plaintiff has not offered any support for the

16   conclusion.  Moreover, Defendants argue that applying FEHA to adverse

17   employment actions occurring in another state would implicate federalism issues.

18   (ECF No. 21 at 3-4)

19       State law embodies a presumption against extraterritorial application of its

20   own statutes. Diamond Multimedia Sys., Inc. v. Superior Court, 19 Cal. 4th 1036,

21   1059 (1999)(citing North Alaska Salmon Co. V. Pillsbury, 174 Cal. 1 (1916).  In

22   North Alaska Salmon Co., the California Supreme Court found California worker's

23   compensation statute in effect at the time did not allow compensation for out-of-

24   state injuries, because no "such intention [was] clearly expressed or reasonably to be

25   inferred 'from the language of the act or from its purpose, subject matter or

26   history.'" North Alaska Salmon Co., 174 Cal. at 4.  Applying similar rationale to

27   FEHA claims, California courts have found that FEHA does not apply to non-

28   residents employed outside the state when the tortious conduct did not occur in

California.  <u>Campbell v. Arco Marine</u>, 42 Cal. App. 4th 1850, 1859 (1996).

Therefore, to properly plead a FEHA claim, a plaintiff must sufficiently allege the

tortious conduct occurred in the state of California.  <u>Dodd-Owens v. Kyphon, Inc.</u>,

No. C 06-3988, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007)(dismissing FEHA

claim for failure to state with specificity that the alleged tortious conduct took place

in California).  Moreover, in finding FEHA has no extraterritorial application, the

California Appellate Court has stated that residency, state of employment contract,

and place of termination are not material elements of a FEHA claim and insufficient

to overcome the extraterritorial presumption.  <u>Guillory v. Princess Cruise Lines,

Ltd.</u>, B192233, 2007 WL 102851 (Cal. Ct. App. Jan. 17, 2007).

Here, Plaintiff makes only one allegation of tortious conduct in the state of

California.  Around late 2007, Defendants allegedly interviewed Plaintiff for a

position in San Diego, but she was not selected.  (FAC ¶¶ 23, 25.)  Plaintiff alleges

an individual younger than forty and not as well-qualified as Plaintiff was selected

for this position.  (FAC ¶ 26.)  The remainder of Plaintiff's allegations occurred in

the state of Nevada.  Sometime after interviewing for the San Diego position,

Plaintiff interviewed for a Dealer Account Manager position in Las Vegas, a

position which she obtained and held until her termination in 2009. (FAC ¶¶ 29-30.)

Plaintiff alleges she interviewed for multiple internal positions in other states when

she was notified that Defendants planned to eliminate positions in Las Vegas. (FAC

¶¶ 34-38, 46.)  She further alleges she was not hired for those positions, despite her

excellent qualifications and offer to accept a lower salary, and that younger, less

experienced and more costly employees received those positions. (FAC ¶¶ 39-44,

49.)  In February, 2009, Plaintiff alleges Defendant wrongfully terminated her from

her Las Vegas position based on her age. (FAC ¶ 52.)

Given that the vast majority of Plaintiff's allegations involve acts which

occurred in the state of Nevada, the Court finds that Plaintiff has failed to overcome

the presumption against extraterritorial application of FEHA.  The one allegation

1    that Plaintiff was wrongfully passed up for a position with Ford Motor in San Diego

2    appears ancillary to the rest of the alleged injurious conduct. Indeed, Plaintiff's

3    FEHA complaint filed in February, 2010, focuses on Defendants alleged wrongful

4    termination of Plaintiff while she was in Nevada. (ECF No. 13, Ex. 1, FEHA

5    Complaint.)  While plaintiff alleges she was employed with Ford Motor for

6    approximately 29 years, almost all her allegations relate to her time as an employee

7    in the state of Nevada.  As such, the Court concludes that nearly all of the alleged

8    tortious conduct occurred outside the state of California, and Plaintiff has therefore

9    failed to properly state a FEHA claim.

10          Plaintiff's assertion that she maintained California residency is insufficient to

11   defeat the presumption against extraterritorial application of FEHA.  Plaintiff argues

12   that, unlike the plaintiff in Campbell v. ARCO Marine, Inc., she is a resident of

13   California and therefore FEHA should apply to her claims.  42 Cal. App. 4th 1850.

14   Yet in Campbell, the Court concluded that the "relationship with California [was]

15   slight," and even though the defendant company was located in California, "those

16   employees had not participated in or ratified in the conduct." Campbell, 42 Cal.

17   App. 4th at 1858-59.  As such, the focus of the claim was where the injurious

18   conduct took place - not the residency of the Plaintiff.  Moreover, in Guillory, the

19   California Appellate Court concluded that Plaintiff's residency is not central to the

20   question of whether FEHA should apply to extraterritorial claims. Guillory, 2007

21   WL 102851 at * 3 (" The determining factor is not . . . whether the employee is a

22   California resident.")

23          Since Plaintiff has failed to state the injurious conduct took place in

24   California, the Court finds Plaintiff has not sufficiently stated a claim under the

25   FEHA.  Accordingly, the Court **STRIKES** Plaintiff's FEHA claims for age

26   discrimination and wrongful termination.  The Court will grant Plaintiff leave to

27   amend to attempt to allege clearly and specifically the tortious conduct occurring in

28

1  California.[3]

2  **B.      Intentional Infliction of Emotional Distress**

3       Plaintiff contends she has sufficiently stated a claim for intentional infliction

4  of emotional distress (IIED).  (Dkt. No. 16 at 6.)  Defendants argue the IIED claim

5  in the FAC remains deficient as Plaintiff has not alleged extreme or outrageous

6  conduct. (Dkt. No. 21 at 8.)

7       To state a cause of action for intentional infliction of emotional distress,

8  Plaintiff must show (1) outrageous conduct by the defendant, (2) intention to cause

9  or reckless disregard of the probability of causing emotional distress, (3) severe

10  emotional suffering, and (4) actual and proximate causation of the emotional

11  distress. Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 617 (Ct. App.

12  1989)(internal citation omitted).  "Conduct is extreme and outrageous when it

13  exceeds all bounds of decency usually tolerated by a decent society, and is of a

14  nature which is especially calculated to cause, and does cause, mental distress." Id.

15  A defendant's behavior may be considered outrageous defendant "(1) abuses a

16  relation or position which gives him or her power to affect his or her interests; (2)

17  knows the plaintiff is susceptible to injuries through mental distress; or (3) acts

18  intentionally or unreasonably with the recognition that the acts are likely to result in

19  illness through mental distress." McDaniel v. Gile, 230 Cal. App. 3d 363, 372, 281

20  Cal. Rptr. 242, 247 (Ct. App. 1991)(internal citations omitted).

21       Here, Plaintiff has not made any allegations that the Defendants acted in a

22  way that would be considered extreme or outrageous.  The allegations that Plaintiff

23  was denied job opportunities with the company and was wrongfully terminated

24  based on her age alone are insufficient to state a claim for intentional infliction of

25  emotional distress.  Plaintiff cites Accardi v. Superior Court for the proposition that

26  illegal harassment and discrimination are generally held to be outrageous conduct.

27

28      [3] As Plaintiff will have the opportunity to amend her complaint, the Court at this time refrains
from addressing whether she has sufficiently exhausted her administrative remedies.

1  <u>Accardi v. Superior Court</u> 17 Cal. App. 4th 341 (1993).  However, the allegations of

2  sexual harassment in <u>Accardi</u> contained numerous episodes of discrimination and

3  harassment, including spreading untrue rumors, singling Plaintiff out for

4  unfavorable work assignments, inappropriate comments about performance of sex

5  acts, threats of bodily harm, and other extreme behavior. <u>Id.</u> 17 Cal. App. 4th 346.

6  Plaintiff has alleged no such conduct by any specific employees of the Defendants,

7  and, as such, has failed to state a claim for intentional infliction of emotional

8  distress.

9        Accordingly, the Court hereby **STRIKES** Plaintiff's claim for intentional

10  infliction of emotional distress.

11                              **CONCLUSION**

12       The Court hereby **STRIKES** Plaintiff's first amended complaint in its

13  entirety **WITH LEAVE TO AMEND.** (Dkt. No 13.)  Plaintiff is **GRANTED** thirty

14  days from the date this Order is docketed to file a third amended complaint which

15  addresses the deficiencies identified herein.

16       **IT IS SO ORDERED.**

18  DATED:  May 20, 2013

19                              HON. GONZALO P. CURIEL
20                              United States District Judge