1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA RULENZ,<br><br>        Plaintiffs,<br><br> vs.<br><br>FORD MOTOR COMPANY; FORD MOTOR CREDIT COMPANY, LLC.; and DOES 1 THROUGH 50, Inclusive,<br><br>        Defendants. | CASE NO. 10cv1791-GPC-MDD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>[DKT. NO. 33] |

On July 23, 2013, Defendants Ford Motor Company and Ford Motor Credit Company, LLC filed a motion to dismiss Plaintiff's Second Amended Complaint, (Dkt. No. 27). (Dkt. No. 33.) The motion has been fully briefed. (Dkt. Nos. 35, 37.) Having considered the parties' submissions and the applicable law, the Court finds the matter suitable for adjudication without oral argument. L. Civ. R. 7.1(d). For the reasons stated below, the Court DENIES Defendants' motion to dismiss Plaintiff's SAC.

**PROCEDURAL BACKGROUND**

On May 26, 2010, Patricia Rulenz ("Plaintiff") filed a civil action against defendants Ford Motor Company, Ford Motor Company, LLC, Does 1 to 50, inclusive, and Scott Rone in California Superior Court ("Defendants" or "Ford Motor

Company").[1]   On August 26, 2010, the defendants removed the case to the United States District Court for the Southern District of California.  (Dkt. No. 1.)   On December 28, 2010, the defendants filed a motion to dismiss the plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).  (Dkt. No. 8.)  Rather than file an opposition in response, Plaintiff filed a first amended complaint ("FAC") against Ford Motor Company, Ford Motor Credit Company, LLC, and Does 1 through 50, Inclusive ("Defendants").  (Dkt. No. 13.)   The Court dismissed without prejudice Plaintiff's original complaint and ordered Plaintiff to show cause why the FAC should not be stricken. (Dkt. No. 15.)  The parties fully briefed the order to show cause. (Dkt. Nos. 16, 21.)

On May 20, 2013, the Court struck Plaintiff's FAC without prejudice, granting Plaintiff thirty days to file a second amended complaint ("SAC"). (Dkt. No. 26.) On June 19, 2013, Plaintiff filed a SAC, the current operative complaint. (Dkt. No. 27.) On July 23, 2013, Defendants filed the present motion to dismiss the SAC. (Dkt. No. 33.)

### SECOND AMENDED COMPLAINT ALLEGATIONS

In the Court's previous Order, (Dkt. No. 26), Plaintiff's allegations were described in detail. For the sake of brevity, the Court does not repeat those allegations here, but rather incorporates them by reference into the following discussion.

Between April 1980 and late 2007, Plaintiff worked for Defendants in San Diego. (Dkt. No. 27, "SAC" ¶¶ 32, 36.) In 2007, Defendants informed Plaintiff that many positions were being relocated to Henderson, Nevada, but at least one Account Manager position would remain in San Diego. (TAC ¶ 36.) Plaintiff applied for the San Diego opening but was not selected. (TAC ¶¶ 37-39.)

Plaintiff was selected for an Account Manager position in Las Vegas, Nevada, and began working as a "Las Vegas Dealer Account Manager." (TAC ¶¶ 43, 44.) Around January 2009, Plaintiff was informed that some Account Management positions would be eliminated in Las Vegas and she was instructed to apply for

[1]Case Number 37-2010-00068116-CU-WT-EC.

positions in Colorado Springs and Nashville. After applying for nine positions in both cities, Plaintiff interviewed for a Dealer Analyst position in Colorado Springs. Defendants selected ten Las Vegas employees for the Colorado Springs Dealer Analyst positions, but Plaintiff was not one of them. Around February 2009, Plaintiff inquired about positions in other departments in Las Vegas. On or about February 26, 2009, Plaintiff was terminated from her job.

On May 20, 2013, this Court issued an order striking Plaintiff's FAC alleging Intentional Infliction of Emotional Distress and violations of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code section 12940 *et seq.*, without prejudice. (Dkt. No. 26.) The Court found that although Plaintiff sufficiently stated a prima facie case of age discrimination under the FEHA, (Dkt. No. 26 at 6), Plaintiff failed to justify extraterritorial application of FEHA given that "the vast majority of Plaintiff's allegations involve acts which occurred in the state of Nevada, (id. at 8).

On June 19, 2013, Plaintiff filed a Second Amended Complaint ("SAC") seeking to remedy the FAC's deficiencies. The SAC revives Plaintiff's FEHA claim for age discrimination and wrongful termination previously dismissed by this Court without prejudice. (SAC ¶¶ 88-95.) Plaintiff's SAC also alleges a new cause of action for age discrimination under the Title VII Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. section 621 *et seq.* (SAC ¶¶ 76-87.)

In addition, Plaintiff's SAC includes several new allegations, primarily related to Defendants' contacts with the Southern District of California, (SAC ¶ 6), Plaintiff's attempts to exhaust administrative remedies to assert an ADEA claim, (SAC ¶¶ 20-31), and Plaintiff's work in California while Plaintiff was employed by Defendants as a Las Vegas Dealer Account Manager, (SAC ¶¶ 46-56).

Specifically, Plaintiff alleges Defendants operate car dealerships and finance the purchase of cars in San Diego, are registered with the California Secretary of State, and are nationwide entities for whom litigation in the Southern District of California is not

overly burdensome. (SAC ¶ 6.)

Regarding exhaustion of ADEA administrative remedies, Plaintiff alleges a long history of attempts to obtain administrative investigation of Plaintiff's claim.  (SAC ¶¶ 20-31.) Plaintiff and Plaintiff's husband ("Edward Rulenz") first filed discrimination charges with the Nevada Equal Rights Commission ("NERC") on December 18, 2009 and with the Equal Employment Opportunity Commission ("EEOC") on December 22, 2009. (SAC ¶¶ 19-20.)  On January 10, 2010, the NERC closed both Plaintiff's and Edward Rulenz's claims due to a workshare agreement with the EEOC. (SAC ¶ 21.) Although Edward Rulenz received a right to sue letter from the EEOC on February 26, 2010, Plaintiff was unsuccessful in obtaining a right to sue letter from the EEOC. (SAC ¶¶ 19-20.) On May 25, 2010, Plaintiff and Edward Rulenz filed a civil complaint with the California Superior Court. (SAC ¶ 23.) On August 22, 2012, the EEOC dismissed Plaintiff's administrative claim. (SAC ¶ 24.)

Regarding Plaintiff's work for Defendants in California, Plaintiff alleges while Plaintiff worked for Defendants as a Las Vegas Dealer Account Manager, Plaintiff: maintained California residency and a California driver's license; paid California state income taxes until her 2009 termination; continued to receive paychecks via direct deposit into a California bank account; was never assigned to report to a Ford Credit Office Desk in Nevada; and received and performed a "significant amount of her work assignments in California." (SAC ¶¶ 46-56.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 557). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. <u>al-Kidd v. Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a Court may consider exhibits attached to the complaint, matters subject to judicial notice, or documents necessarily relied on by the complaint whose authenticity no party questions. <u>See Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688–689 (9th Cir. 2001); <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment.").

## DISCUSSION

## I. Request for Judicial Notice

Defendants request that the Court take judicial notice of three documents: (1) the March 22, 2012 U.S. Equal Employment Opportunity Commission Dismissal and Notice of Rights issued to Plaintiff; (2) The Charge of Discrimination filed by Edward Rulenz on February 4, 2010; and (3) Four Complaints of Discrimination filed by Plaintiff and Edward Rulenz with the California Department of Fair Employment and Housing. (Dkt. No. 33-3.) Plaintiff submits a declaration in support of Plaintiff's opposition to Defendants' motion to dismiss seeking to

introduce five exhibits.  (Dkt. No. 35 at 23-42.)

A court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  The content of records and reports of administrative bodies are proper subjects for judicial notice under Rule 201(d).  Interstate Natural Gas Co. v. S. Cal. Gas Co., 209 F.2d 380, 385 (9th Cir. 1953).  Since the parties have not disputed the taking of judicial notice of Defendants' documents, and the documents are subject to judicial notice, the Court GRANTS Defendants' request for judicial notice. Likewise, because neither party questions the authenticity of the exhibits attached to Plaintiff's SAC, the Court accepts the exhibits for consideration. However, the Court finds improper and declines to consider the declaration and five attached exhibits Plaintiff submits in opposition to Defendants' motion to dismiss, (Dkt. No. 35 at 23-42). See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

**II. Motion to Dismiss**

Defendants move to dismiss Plaintiff's California Fair Employment and Housing Act ("FEHA") age discrimination claim for Plaintiff's period of employment in Nevada on the ground that FEHA does not protect out-of-state residents from adverse employment actions occurring outside the state of California. (Dkt. No. 33-1 at 8-10.) Defendants further seek to dismiss Plaintiff's FEHA claim for Plaintiff's period of employment in California on the ground that Plaintiff failed exhaust administrative remedies for the California-based claims. (Id. at 10-13.)

As to Plaintiff's Title VII Age Discrimination in Employment Act ("ADEA") claim, Defendants move to dismiss on the grounds that Plaintiff's claim is time-barred and fails to state a claim upon which relief can be granted. Last, Defendants move to dismiss Plaintiff's claims against Ford Motor Company on the ground that Plaintiff was previously employed by Ford Motor Credit Company and fails to state

a claim against Ford Motor Company. The Court addresses each argument in turn.

**A.    California Fair Employment and Housing Act**

In its prior order dismissing Plaintiff's FEHA claims, the Court relied on Campbell v. Arco Marine, 42 Cal. App. 4th 1850, 50 Cal. Rptr. 2d 626 (1996), and Guillory v. Princess Cruise Lines, Ltd., B192233, 2007 WL 102851 (Cal. Ct. App. Jan. 17, 2007), to find that Plaintiff failed to plead tortious conduct *in California* sufficient to overcome the presumption against extraterritorial application of FEHA. (Dkt. No. 26 at 6-7.) Defendants claim Plaintiff has failed to remedy this defect because the only tortious conduct for which Plaintiff has exhausted administrative remedies occurred in Nevada while Plaintiff worked as a Las Vegas Dealer Account Manager. (Dkt. No. 33-1 at 8.) According to Defendants, Plaintiff's only allegation of wrongful conduct in California occurred in 2007 and was ancillary to Plaintiff's main allegations of discrimination that occurred in Nevada. (Id. at 10.) In addition, Defendants claim Plaintiff's allegations of wrongful conduct in California were not contained in Plaintiff's administrative complaint to the California Department of Fair Employment and Housing ("DFEH"), so Plaintiff has failed to exhaust administrative remedies as to these claims. (Id. at 10-11.)

As the Court explained in its previous Order, California courts have found that FEHA does not apply to non-residents employed outside the state when the tortious conduct did not occur in California. (Dkt. No. 26 at 6-7) (citing Campbell v. Arco Marine, 42 Cal. App. 4th 1850, 1859 (1996)). Moreover, the California Court of Appeals has stated that residency, state of employment contract, and place of termination are not themselves sufficient to overcome the presumption that FEHA does not apply to tortious conduct committed outside of California. Guillory v. Princess Cruise Lines, Ltd., B192233, 2007 WL 102851 (Cal. Ct. App. Jan. 17, 2007) (finding that FEHA did not apply to a California resident where all alleged tortious conduct occurred overseas).

However, neither party sets forth binding authority addressing the question of

whether FEHA applies to California residents where the tortious conduct at issue occurred partially in the state of California and partially or mostly outside the state of California. In the Court's prior order striking Plaintiff's FAC, the Court found Plaintiff's single allegation of tortious conduct in California ancillary to Plaintiff's main claims of discrimination occurring wholly in Nevada. (Dkt. No. 26 at 6-8.) On the facts contained in Plaintiff's FAC, the Court found that Plaintiff's allegations, taken as true, did not overcome the presumption against extraterritorial application of FEHA. (Id.)

The Court finds that Plaintiff has sufficiently remedied this defect to withstand a motion to dismiss the SAC. In particular, Plaintiff's SAC includes allegations that Plaintiff paid California state income taxes and performed a significant amount of her work assignments in California while working for Defendants under the "Las Vegas Dealer Account Manager" title. (SAC ¶¶ 46-56.) Drawing all reasonable inferences in favor of Plaintiff, the Court finds that these allegations raise a plausible case for applying FEHA to Plaintiff's claims. See Fusco v. Am. Airlines, C 00-1439 PJH, 2003 WL 25730512 (N.D. Cal. 2003) aff'd in part, rev'd in part sub nom. Leonel v. Am. Airlines, Inc., 400 F.3d 702 (9th Cir. 2005) opinion amended on denial of reh'g, 03-15890, 2005 WL 976985 (9th Cir. 2005) (finding that California law applied to California resident plaintiffs' claims where much of the conduct occurred out of state based on FEHA legislative history and policy considerations). For these reasons, and because Defendants do not dispute that Plaintiff has exhausted administrative remedies for allegations of tortious conduct while Plaintiff served as a Las Vegas Dealer Account Manager, (Dkt. No. 33-1 at 11), the Court DENIES Defendants' motion to dismiss Plaintiff's FEHA claims.

**B.     Title VII Age Discrimination in Employment Act**

**1. ADEA Statute of Limitations**

1    Defendants move to dismiss Plaintiff's federal ADEA claim on the ground

2    that the ADEA claim is time-barred. According to Defendants, Plaintiff failed to file

3    suit under the ADEA within 90 days of receiving a right-to-sue letter from the

4    EEOC in August 2012. (Dkt. No. 33-1 at 13.) Plaintiff responds that an error on the

5    part of the EEOC resulted in Plaintiff's delayed receipt of a right-to-sue letter two

6    and a half years after Plaintiff's husband received a right-to-sue letter in response to

7    his concurrently filed complaint. (Dkt. No. 35 at 13-14.)

8    Under the ADEA, a plaintiff generally has 90 days to file suit after receiving

9    an EEOC right-to-sue letter. Stiefel v. Bechtel Corp., 624 F.3d 1240, 1245 (9th Cir.

10   2010) (citing 42 U.S.C. § 2000e-4(f)(1)). However, "the 90-day filing period is a

11   statute of limitations subject to equitable tolling in appropriate circumstances."

12   Valenzuela v. Kraft, 801 F.2d 1170, 1174 (9th Cir. 1986). Equitable tolling is

13   available when the "congressional purpose [of the statute] is effectuated by tolling

14   the statute of limitations in given circumstances." Id. at 1174 (quoting Burnett v.

15   New York Central Railroad, 380 U.S. 424, 427 (1965)). In Valenzuela v. Kraft, the

16   U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") approved the equitable

17   tolling of plaintiff Valenzuela's Title VII claim while Valenzuela pursued a state

18   court action arising out of the same allegations. Id. at 1175. The court found that

19   Valenzuela's state court suit "demonstrated the due diligence which statutes of

20   limitations are designed to engender, and put [defendant] on notice that it had to

21   maintain the evidence necessary to its defense." Id. (citing Fox v. Eaton Corp., 615

22   F.2d 716, 720 (6th Cir. 1980)).

23   The Court finds that Plaintiff's SAC pleads sufficient facts to make a

24   plausible showing of entitlement to equitable tolling. The Ninth Circuit has held

25   that generally,

26         A motion to dismiss based on the running of the statute of
27         limitations period may be granted only if the assertions of
           the complaint, read with the required liberality, would not
28         permit the plaintiff to prove that the statute was tolled. In
           fact, a complaint cannot be dismissed unless it appears

1

beyond doubt that the plaintiff can prove no set of facts
that would establish the timeliness of the claim.

2

3
Supermail Cargo v. United States, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (internal

4
citation and quotation marks omitted). Here, Plaintiff's SAC alleges a series of

5
diligent yet unsuccessful attempts to obtain a right-to-sue letter from the EEOC.

6
(SAC ¶¶ 19-24.) Furthermore, when Plaintiff received the August 2012 right-to-sue

7
letter from the EEOC, Plaintiff had long since filed a May 26, 2010 California

8
Superior Court  FHEA age discrimination claim, (Dkt. No. 1, "Notice of Removal"

9
at 2), and filed a February 8, 2011 First Amended Complaint alleging age

10
discrimination in federal court, (Dkt. No. 13). The Court therefore finds that

11
Plaintiff has plead due diligence in seeking to exhaust administrative remedies and

12
Defendants were on notice of the need to maintain evidence necessary to their

13
defense against a Title VII ADEA claim. The SAC therefore sets forth a set of facts

14
which could bear the application of equitable tolling, and the Court accordingly

15
DENIES Defendants' motion to dismiss Plaintiff's ADEA claim as time-barred.

16
### 2. Failure to State a Claim

17
         Defendants also move to dismiss Plaintiff's ADEA claim on the ground that

18
Plaintiff has failed to "allege any facts that plausibly show that the real reason for

19
Plaintiff's separation was because of her age." (Dkt. No. 33-1 at 16.) Defendants

20
claim Plaintiff has failed to establish that, "but for her age, her employment would

21
not have been separated." (Id.)

22
         The Court has previously considered and rejected these arguments in its

23
previous Order striking Plaintiff's FAC. As the Court explained in its prior Order,

24
Plaintiff alleges "(1) she is over forty; (2) she performed her job in a satisfactory

25
manner receiving "Excellent Plus" ratings for her performance; (3) her employer

26
terminated her in 2009; and (4) she was passed-over for opportunities in the

27
company by employees under forty and allegedly less experienced than Plaintiff."

28

1    (Dkt. No. 26 at 6) (quoting FAC ¶¶ 21, 47, 49, 52). These allegations sufficiently
2    state a prima facie claim of discrimination.

3        Because Plaintiff's SAC adds additional allegations rather than removes
4    relevant allegations, the Court finds again that Plaintiff pleads sufficient facts to
5    withstand a motion to dismiss for failure to state an age discrimination claim. See,
6    e.g., Sheppard v. David Evans and Assoc., 694 F.3d 1045, 1050 (9th Cir. 2012)
7    (upholding denial of motion to dismiss where plaintiff alleged an "entirely plausible
8    scenario" of discrimination despite the complaint's brevity).

9        **C. Defendant Ford Motor Company**

10       Last, Defendants move to dismiss Plaintiff's allegations against Defendant
11   Ford Motor Company (FMC), arguing Plaintiff was never employed by FMC and
12   has not alleged any facts "to suggest the propriety of piercing FMC's corporate veil
13   with respect to Ford Credit's supposed liabilities." (Dkt. No. 33-1 at 19-20.)
14   Defendants assert that Ford Motor Company and Ford Motor Credit Company
15   (FMCC) are two separate corporate entities, (id. at 20), and that the exhibits
16   attached to Plaintiff's SAC show clearly that Plaintiff knew FMCC to be her
17   employer rather than FMC, (id. at 19).

18       The Court agrees that Plaintiff's SAC contains no allegations that Defendant
19   FMC is liable for FMCC's obligations under an alter-ego liability theory. Eclectic
20   Properties East, LLC v. Marcus & Millichap Co., C-09-00511 RMW, 2012 WL
21   713289, at *5 (N.D. Cal. 2012) (citing Seymour v. Hull & Moreland Eng'g, 605
22   F.3d 1105, 1111 (9th Cir. 1979)). However, taking Plaintiff's allegations as true,
23   Plaintiff alleges working for "Defendants," defined as both FMC and FMCC. (See
24   SAC ¶¶ 2, 4, 32-34). Furthermore, although Plaintiff made several corrections to her
25   EEOC intake questionnaire changing her employer name from "Ford Motor
26   Company" to "Ford Motor Credit Company," (Dkt. No. 27, Ex. B), the Court notes
27   that other exhibits attached to the SAC indicate Plaintiff's employer as both FMC
28   and FMCC, (id., Ex. A) (listing company name as "Ford Motor Credit Co. LLC;

1  Ford Motor Co."); (id., Ex. C) (listing defendant as "Ford Motor Credit

2  Company/Ford Motor Co."). Accordingly, the Court DENIES Defendants' motion

3  to dismiss Plaintiff's claims against Ford Motor Company.

4                              **CONCLUSION**

5          For the foregoing reasons, the Court hereby **DENIES** Defendants' motion to

6  dismiss Plaintiff's Second Amended Complaint. (Dkt. No. 33.) Accordingly, the

7  Court hereby VACATES the hearing on this motion scheduled for January 10,

8  2014.

9

10         **IT IS SO ORDERED.**

11

12  DATED:  January 7, 2014

13

14                                    HON. GONZALO P. CURIEL

15                                    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28